UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **TIFFINEY N. STEBBINS** | * | **CIVIL ACTION NO:  6:17-CV-00619** |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE WHITEHURST** |
| | * | BY CONSENT OF THE PARTIES |
| **RACK ROOM SHOES, INC.** | * | |
| **Defendant** | * | |
| | * | |
| * * * * * * * * * * * * * | | |

**ORDER GRANTING FINAL APPROVAL
OF CLASS SETTLEMENT**

WHEREAS, on or about February 16, 2018, Plaintiff, Tiffiney N. Stebbins ("Named Plaintiff") and Defendant, Rack Room Shoes, Inc., ("Rack Room") entered into the proposed class settlement as set forth in the settlement agreement (the "Settlement Agreement") (Rec. Doc. No. 25-2);

WHEREAS, on April 9, 2018, the Court entered an Order that (1) conditionally and for the purposes of settlement only certified the Settlement Class[1]; (2) certified Named Plaintiff as the Class Representative and appointed Class Counsel; (3) preliminarily approved the Settlement Agreement; (4) found the Notice, in form, contents, and manner of service, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process; and (5) set a Fairness Hearing on final approval of the Settlement Agreement.  (Rec. Doc. No. 29).

---

[1]     As defined in the Settlement Agreement, all former employees of Defendant who worked at any of Defendant's Rack Room Shoes stores located in Louisiana, who separated from such employment during the period from March 17, 2014 through March 17, 2017, and who had a positive balance of unused "PTO" at the time of their separation from employment with Defendant as shown in the records of Defendant (the "Settlement Class").

4821-7546-5856
2940260-000001

WHEREAS, Notice to the Settlement Class provided to the members of the Settlement Class in accordance with the Court's April 9, 2018 Order;

WHEREAS, the governmental notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was provided to the appropriate federal and state officials on June 28, 2018;

WHEREAS, on June 20, 2018, a hearing was held on whether the Settlement Agreement is fair, reasonable, adequate and in the best interest of the Settlement Class; and

WHEREAS, due and appropriate delay has elapsed since the issuance of the requisite governmental notice.

NOW THEREFORE, considering the foregoing Joint Motion for final approval of the Settlement Agreement, and based on the record of these proceedings, the recommendation of Class Counsel, the requirements of law, the evidence presented by the parties and the argument of counsel, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties; (2) The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; (3) Class Counsel and Class Representative fairly and adequately represented the interests of the Settlement Class in connection with the Settlement Agreement; (4) the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

Accordingly:

**IT IS HEREBY ORDERED THAT:**

(1)	The Settlement Agreement is approved;

4821-7546-5856
2940260-000001

(2)      The Court approves the proposed award of attorneys' fees and expenses to Class Counsel in the amount $7,000.00, as set forth in the Settlement Agreement.

(3)      The Court approves the proposed Representative Plaintiff Award to Named Plaintiff in the amount of $3,876.92, as set forth in the Settlement Agreement.

(4)      The Court approves the proposed remaining class recovery of $26,866.50, as provided in the Settlement Agreement.

(5)      Named Plaintiff, Defendant, and members of the Settlement Class shall consummate the settlement according to the terms of the Settlement Agreement.  The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

(6)      Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

(7)      Named Plaintiff and each member of the Settlement Class shall be deemed conclusively to have compromised, settled, discharged, and released the Settled Claims against the Released Parties upon the terms and conditions provided in the Settlement Agreement.

(8)      Named Plaintiff and each member of the Settlement Class are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settled Claims against any of the Released Parties.

4821-7546-5856
2940260-000001

(9)     All claims alleged in the Litigation and the Complaint filed in this Litigation are hereby dismissed with prejudice, each party to bear his own costs, except as may be expressly provided in the Settlement Agreement. The Clerk is directed to enter final judgment dismissing this action with prejudice.

Thus, done and signed this 26th day of November, 2018, in Lafayette, Louisiana.

_____

U.S. MAGISTRATE JUDGE WHITEHURST

4821-7546-5856
2940260-000001